UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PAULA MURPHY,**<br><br>               Plaintiff,<br><br>v.<br><br>**EAGLE EYE PROTECTION, INC.,** and<br>**LACY E. WRIGHT, III,** an individual,<br><br>               Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Paula Murphy worked as security guard for Defendants' security company for almost two years from 2019 to 2021.  At first Defendants classified her as an employee. However, starting in June 2020, Defendants classified her as an independent contractor and stopped paying her overtime pay, even though she consistently worked more than 40 hours a week.

2. To challenge this wage violation, Plaintiff brings this action, by and through her attorneys, against Defendants Eagle Eye Protection, Inc., and its principal, Lacy Wright, III, an individual, to recover unpaid or underpaid wages and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' agency which is based in Fulton County, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Eagle Eye Protection, Inc.**

5. Defendant **Eagle Eye Protection, Inc.** (hereinafter "Eagle Eye") is a corporation doing business within the Northern District of Georgia, whose principal place of business is located at 3330 Cumberland Bvld, Suite 500, Atlanta, GA, 30339. Its registered agent is listed with the Georgia Secretary of State as Lacy E Wright, III at the same address.

6. At all relevant times, Defendant Eagle Eye has had annual gross revenues in excess of $500,000.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 2

7. Eagle Eye is licensed with the State of Georgia as a Private Detective / Security Agency, License No. PSC001897, originally issued 1/15/2008, last renewed 7/8/2021, and currently set to expire 6/30/2023. This licensure process is governed by O.C.G.A. § 43-38-1*ff*.

8. The facility at which Plaintiff was stationed during the entirety of her work for Defendants, i.e. the entity whose offices she guarded in Doraville, Georgia, describes itself as "a global managed services company focused on supporting broadcasters (TV and radio), television networks, sports leagues and OTT platforms."

9. At all relevant times, Defendant Eagle Eye was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant Eagle Eye was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Lacy Wright**

11. Defendant Lacy Wright, III an individual, resides in Loganville, Georgia, County, upon information and belief.

12. Defendant Wright is the owner, or an owner, of Eagle Eye.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 3

13. Defendant Wright is the founder of Eagle Eye.

14. Defendant Wright is the President and/or CEO of Eagle Eye.

15. At all times material to this action, Defendant Wright exercised substantial control over the functions of the company's employees including Plaintiff. He hired her, had the authority to terminate her employment, decided the manner and timing of her payments, and determined the work location at which she would be performing services

16. At all times material to this action, Defendant Wright was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Paula Murphy**

17. Plaintiff Paula Murphy is a resident of Atlanta, Georgia.

18. At all times material to this action, Plaintiff Murphy was an "employee" within the meaning of 29 U.S.C. § 203(e).

19. Plaintiff Paula Murphy worked for Defendants as a security guard from August 27, 2019 to May 23, 2021.

20. Plaintiff's primary supervisor was Defendant Wright.

21. In general Ms. Murphy worked 3:00pm to 11:00pm five days a week plus 7:00am to 7:00pm Saturday and Sunday, for a total of 64 hours a week.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 4

22. In around the first of April, 2021, her weekend hours decreased to 16 rather than 24.

23. In addition, if the relief worker did not show up or showed up late she would have to work additional time.

24. Her rate of pay was $12.00 per hour in 2020 and $13.00 in 2021.

25. For the overtime hours she worked the company only paid her at her regular rate of pay rather than time and a half.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

26. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

27. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

28. Defendants have been wrongfully treating Plaintiff as if she were an independent contractor when in fact she was an "employee" as defined by the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 5

29. Defendant set Plaintiff's schedule.

30. If Plaintiff were to fail to come to work as scheduled or failed to perform as instructed, she would be subject to discipline or termination.

31. The kind of work that Plaintiff performed is part of the company's normal business operations and services it renders.

32. Defendants require Plaintiff to wear a uniform.

33. While working for Defendants, Plaintiff did not also work for other companies or entities.

34. When Plaintiff began working for Defendants, no specific duration was given for how long she would be working for the company.

35. Plaintiff did not utilize particularly specialized or unique skills in order to perform her duties working for Defendants.

36. At all times material to this action, the Plaintiff was in fact an "employee" within the meaning of 29 U.S.C. § 203(e).

37. Based on the above, Plaintiff estimates she is owed overtime as follows:

    ```
    6/1/2020 – 12/31/2020: 30 weeks x 24 hrs/week x $6/hr    = $ 4,320
    1/1/2021 – 3/30/2021: 13 weeks x 24 hrs/wk x $6.50/hr    = $ 2,028
    4/1/2021 – 5/23/2021: 7 weeks x 16 hrs/wk x $6.50/hr     = $   728
                                               Total         = $ 7,076
    ```

38. Defendants had no good faith basis for believing that their pay practices as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*  
USDC, Northern District of Georgia

Complaint

Page 6

alleged above were in compliance with the law.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff interest;

(D) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(E) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 7

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **October, 2021.**

                          ANDERSONDODSON, P.C.

                          *s/ Penn Dodson*
                          **Penn A. Dodson**
                          GA Bar No. 224494
                          *penn@andersondodson.com*
                          (212) 961-7639 tel.
                          11 Broadway, Suite 615
                          New York, NY  10004
                          196 Alps Rd. Ste. 2-255
                          Athens, GA 30606

                          Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the requirements of Local Rule 5.1(C) by using Times New Roman, 14 point.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Murphy v. Eagle Eye*
USDC, Northern District of Georgia

Complaint

Page 8